UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darryl A. Leaphart, | ) | C/A No.  0:08-00887-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Alvin S. Glenn Detention Center; Ronaldo Myers; | ) | |
| South Carolina Department of Corrections, and | ) | |
| Jon Ozmint, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Darryl A. Leaphart (Petitioner), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241.[1]  Petitioner is currently being held at the Alvin S. Glenn Detention Center, and requests immediate release because"[South Carolina] is in default of extradition proceeding[s]." (Pet. at 4.)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court

---

[1] Petitioner filed a hand written document that he called "Petition for Writ of Habeas Corpus."  It appears from this petition that Petitioner is incarcerated on a warrant for a parole violation.  Therefore, his petition for habeas relief is construed as filed under 28 U.S.C. § 2241.



is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This case should be dismissed because Petitioner has failed to exhaust his state court remedies. While federal habeas corpus relief is available to a state prisoner either through 28 U.S.C. § 2241 or 28 U.S.C. § 2254, exhaustion of state remedies prior to filing for habeas relief in federal court is required. By the express terms of § 2254(b)(1)(A), a petitioner must exhaust "remedies available in the courts of the State," and although § 2241 does not contain an express reference to exhaustion of state remedies, courts have held that exhaustion is also necessary under § 2241. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. De Young*, 515 F.2d 437. 442-43 (3d Cir. 1975).

Petitioner is currently being held in the Alvin S. Glenn Detention Center on a parole violation warrant. Petitioner does not allege that he has exhausted his state court remedies before filing his petition in this Court. Additionally, the habeas petition filed in this Court by Petitioner is captioned "In the County Court of the Fifth Judicial Circuit in and for Richland County, South Carolina." (Pet. at 1.) Petitioner served this petition on the Solicitor's Office for the Fifth Judicial Circuit, the Richland County Public Defender's Office, and the Richland County Clerk of Court.

2



(Pet. at 4.)   Hence, it appears that Petitioner may not have even intended to file for federal habeas corpus relief at this time, but instead to file this petition in the state court system as the first step to exhausting his state court remedies.

### Recommendation

Accordingly, it is recommended that this § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); the Anti-Terrorism and Effective Death Penalty Act of 1996.

Bristow Marchant
United States Magistrate Judge

March  28,  2008
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

